SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Tim Souliere,** Petitioner -vs- **Edwards, Warden,** Respondent(s) | CV-05-4032-PHX-JAT (JI) **REPORT & RECOMMENDATION** On Motion for Release |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 12, 2005 (#1). Petitioner has now filed a Motion for Release, filed July 6, 2006 (#20), and Respondents have responded (#22). The Petitioner's motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner pled guilty in the Arizona Superior Court on one count of sexual assault, and one count of attempted sexual assault, for which Petitioner received a sentence in 2003 of 12 years and lifetime probation. (Answer, #18, Exhibit F, Judgment.) Petitioner's conviction has been upheld on post-conviction review. (Exhibit CC, Order 3/16/06.)

### III. APPLICATION OF LAW TO FACTS

Petitioner's motion seeks an order releasing him to the custody of his parents, pending

- 1 -

a resolution of his habeas petition. Petitioner asserts that his conviction was the result of various misdeeds, and that his release is necessitated by the need to support his young son, and to be supportive of his mother who has recently undergone cancer surgery. (Motion, #20 at 1.) Petitioner provides in support of his request copies of various letters of commendation addressed to the trial court judge in 2002.

**Release Only for Extraordinary Cases.** Federal Rules of Appellate Procedure Rule 23 governs the release of a prisoner collaterally attacking a conviction through a habeas petition. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), attacking a federal sentence; and *Marino v. Vasquez,* 812 F.2d 499, 507 (9th Cir. 1987), attacking a state court sentence. *But see In re Roe,* 257 F.3d 1077, 1080 (9th Cir. 2001) (noting divergence among circuits and declining to resolve whether release may be granted pending a decision by the district court on a habeas petition). In connection with a habeas corpus petition, "this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" *Mett*, 41 F.3d at 1282 (quoting, in part, *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)).

"Special circumstances" have been found to include such things as: (1) "a serious deterioration of health while incarcerated, and unusual delay in the appeal process", *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1987); and (2) situations where "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence", *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

Assuming *arguendo* that this Court has the authority to release Petitioner pending a decision on his habeas petition, that authority cannot be exercised in this case.

**No Special Circumstances.** In this matter, Petitioner does not cite a serious deterioration of health. Neither is there an obvious risk that Petitioner's sentence will expire before his petition could be granted. Nor does Petitioner identify any other equally weighty special circumstances making Petitioner's situation an extraordinary case justifying release.

**No High Probability of Success.** Finally, there is not a high probability of success

by Petitioner on the Petition. Although the Court has not ruled in this matter, the Respondents' Answer does raise a variety of procedural and substantive bars to granting of Petitioner's Petition, including a statue of limitations defense, and procedural default. To date, Petitioner has not filed a reply refuting those defenses.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Release, filed July 6, 2006 (#20) be **DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: August 1, 2006

                                            JAY R. IRWIN
                                         United States Magistrate Judge