**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tim Souliere, ) | No. CV 05-4032-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Edwards, Warden, ) | |
| ) | |
| Respondent(s). ) | |
| ) | |

Pending before the Court is Petitioner's Motion for Release while his habeas petition is being considered. (Doc. #20). The Magistrate Judge has issued a report and recommendation (R&R) recommending that the motion be denied. Petitioner has filed objections to the R&R. Because objections have been filed, the Court will review the R&R *de novo*.

Petitioner plead guilty in state court and is currently incarcerated based on that state court conviction. Only in extraordinary cases can this Court permit bail to someone who is incarcerated based on a state court conviction. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (establishing extraordinary circumstances test in the context of a collateral attack of a federal sentence); *Marino v. Vasquez*, 812 F.2d 499, 507-08 (9th Cir. 1987) (discussing release during habeas review of a state court sentence, following the district court's ruling on the merits of the habeas petition); *but see In re Roe*, 257 F.3d 1077, 1080

1  (calling into question the district court's ability to grant release pending a decision by the
2  district court on a habeas petition).

3        Assuming *arguendo* that this Court has the ability to grant the release pending appeal,
4  Petitioner must be able to show either special circumstances or a high probability of success.
5  *Mett*, 41 F.3d at 1282.  Special circumstances have been defined by example to include
6  sentences that were so short that if bail were denied and the habeas petition ultimately
7  granted the petitioner would have already serve the sentence.  *See Landano v. Rafferty*, 970
8  F.2d 1230, 1239 (3rd Cir. 1992).  In this case, Petitioner makes no argument for meeting this
9  type of special circumstance.  Special circumstances also arise when a petitioner suffers a
10 serious deterioration of health while incarcerated and there was an unusual delay of the
11 appeals process.  *See Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1987).  In this
12 case, Petitioner makes no argument for meeting this type of special circumstance either.

13       However, in his objections, Petitioner argues that he has special circumstances
14 because his mother has undergone several cancer treatments (and continues to undergo
15 treatments).  The Court does not find the health of a family member to be special
16 circumstances justifying release while the habeas petition is under consideration. Therefore,
17 this basis for release is denied.

18       In his objections, Petitioner also argues several theories about the merits of his case,
19 presumably in an attempt to show a high probability of success.  The Court is unpersuaded.
20 Petitioner pled guilty, knowing he would have a term of imprisonment.  Petitioner is now
21 challenging how long that term should be.  The Court does not find Petitioner to have a high
22 likelihood of success of having his term reduced.  Moreover, Petitioner was sentenced to 12
23 years imprisonment for a crime committed in July of 2002.  By Petitioner's own calculation,
24 he would have to serve 5.95 years.  At this point, he has been in custody only 4 years and 3

25
26
27
28

1  months.[1] Thus, even if he prevails (and the Court does not find a high probability that he will
2  prevail), he still would not be released at this time.  Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. #23) is accepted;

**IT IS FURTHER ORDERED** that the Motion for Release pending appeal (Doc. #20) is denied.

DATED this 19th day of October, 2006.

_____
James A. Teilborg
United States District Judge

---

[1] Defendant was sentenced to 12 years incarceration, beginning January 2, 2003, with 172 days credit for presentence incarceration. Answer, Exhibit F, page 2 (at Doc. #18, Attachment 1, page 42).