**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Souliere,        ) | No. CV-05-4032-PHX-JAT |
|                          ) | |
| Petitioner,              ) | **ORDER** |
|                          ) | |
| vs.                      ) | |
|                          ) | |
| Edwards, et al.,         ) | |
|                          ) | |
| Respondents.             ) | |
|                          ) | |

Petitioner Timothy Souliere ("Petitioner") is currently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona.  He filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on December 29, 2005. On February 6, 2008, United States Magistrate Judge Jay Irwin filed his Report and Recommendation ("R&R") concluding that Petitioner's claim was time barred by the statute of limitations set in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed a Motion for Supersedeas Rule 8(B)[1] ("Objections") contesting this conclusion, and requesting an evidentiary hearing.  Because objections have been filed, the Court will review the portions of the R&R to which there are objections de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

---

[1]The Court has construed this motion as Objections to the R&R.

**I. Procedural Background (adopted from R&R 2-5)**

On January 8, 2003, Petitioner was sentenced to 12 years in prison and a successive term of lifetime probation. Having pled guilty, Petitioner waived his right to appeal. Around January 2, 2003, Petitioner filed his first Notice for Post-Conviction Relief with the Maricopa County Superior Court. Petitioner filed a motion to extend, which the court granted. The Superior Court ordered Petitioner to file his petition for Post-Conviction Relief ("PCR") by November 28, 2003. On November 13, 2003, Petitioner requested a 90 day extension which the court never addressed. On January 7, 2004, the Superior Court dismissed the PCR proceeding for failure to file a petition. On January 26, 2004, Petitioner filed for a Motion to Reinstate which the Superior Court denied. Despite this, Petitioner still attempted to file his PCR on April 30, 2004, however the court took no action on this. Petitioner then filed a Motion to Compel on July 20, 2004, a Motion to Review on October 25, 2004, and a Motion to Withdraw Plea on December 6, 2004. There is nothing in the record showing that the Superior Court ever acted on any of these motions.

On July 20, 2004, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 with the Superior Court. Although Petitioner alleges that he filed the Petition with the District Court of Arizona, there are no records of this being filed in the District Court. On August 11, 2004, the Superior Court denied the petition.

On April 29, 2005, Petitioner filed a Second Petition for Post-Conviction Relief which the Superior Court denied as untimely on May 23, 2005. Petitioner filed a Motion for Reconsideration on June 2, 2005 which the Superior Court denied on June 27, 2005. He then filed a Petition for Review with the Arizona Court of Appeals on June 20, 2005 which was stricken as improperly filed with the appellate court rather than the trial court on July 1, 2005. The Court of Appeals denied the Petition for Review on March 16, 2006.

Petitioner filed his present Petition for Writ of Habeas Corpus on December 12, 2005 while his Petition for Review was still pending with the Arizona Court of Appeals. Respondents filed their Answer on June 13, 2006, and Petitioner filed a Traverse on July 12, 2006. Petitioner also filed a Motion for Review containing an article on the right to counsel

and copies of a Motion to Compel directed to the Arizona Court of Appeals. Magistrate Judge Irwin of the Arizona District Court granted the Motion to the extent of allowing the exhibits to become part of the record. While this action was pending, Petitioner filed a Certificate of Appeal to the Ninth Circuit Court of Appeals on December 27, 2006. This was dismissed for lack of jurisdiction on August 24, 2007.

On February 6, 2008, Magistrate Judge Irwin filed an R&R recommending that Petitioner's Petition be dismissed as untimely. Because the Magistrate considered the claims to be time barred, the remaining arguments made by Respondents were not evaluated. Petitioner filed a Motion objecting to this recommendation on February 25, 2008.

## II. Statute of Limitations

### A. Applicable Limitations Period

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress has set a one year statute of limitations to petition for a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d).

The year long statute of limitations begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It may also begin to run from the date on which a constitutional right has been newly recognized by the Supreme Court, so long as that right has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

#### 1. Conclusion of Direct Review

The Ninth Circuit has recognized that Arizona's Rule 32 PCR proceedings are considered "direct review" under 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Here, as noted in the R&R, this direct review was pending until the Superior Court filed its denial of Petitioner's Motion to Reinstate and Request for Rehearing for Petitioner's original PCR proceeding on March 16, 2004. (R&R at 6.) Petitioner then had 30 days to file a petition for review. Ariz. R. Crim. Proc. 32.9(c). Because he did not, his direct review concluded on April 15, 2004.

1  Although it is true that Petitioner filed additional motions in this original PCR 2 proceeding with the Superior Court, these filings were improper and therefore "did not delay 3 the finality of his conviction." (R&R 6.) Petitioner also filed a second PCR, however this 4 was also improperly filed. A petitioner only has a right to subsequent PCR petitions if they 5 are filed "within thirty days after issuance of the final order or mandate of the appellate court 6 in the petitioner's first petition for post-conviction relief proceeding." Ariz. R. Crim. P. Rule 7 32.4(a). Since Petitioner did not appeal his first proceeding, and because he did not file the 8 second one until over a year after the first had been originally dismissed and rehearing 9 denied, the second PCR was not a proper form of direct review.

### 2. Newly Recognized Constitutional Right

11  Petitioner also asserts claims based on *Blakely v. Washington*, 542 U.S. 297 (2004). 12 The date of the *Blakely* decision could provide a new commencement date for the statute of 13 limitations, but only if this case was made retroactively applicable. 28 U.S.C. § 14 2244(d)(1)(C). Here, the Ninth Circuit has made it quite clear that *Blakely* is not 15 retroactively applicable to habeas cases. *Cook v. U.S.*, 386 F.3d 949, 950 (9th Cir. 2004). 16 Thus, *Blakely* does not provide a new start date for the statute of limitations.

17  Petitioner argues that rulings of the United States Supreme Court should still be 18 binding on lower courts. While this is true, the Supreme Court did not rule that *Blakely* 19 would apply retroactively. Thus, the one year statute of limitations started on the date at 20 which Petitioner's conviction became final: April 15, 2004.

### B. Statutory Tolling

22  The AEDPA states that the statute of limitations may be tolled while a "properly filed 23 application for State post-conviction or other collateral relief with respect to the pertinent 24 judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This tolling time includes all of the 25 stages of appeal in the process, so long as there is "proper use of state court procedures." 26 *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

27  Although Petitioner filed subsequent motions after his first PCR was dismissed, none 28 of these was a "proper use of state court procedures." The proper procedure would have

1  been to either file a new PCR by filing a notice with the court, or to appeal the decision to
2  the Arizona Court of Appeals.  Since Petitioner did neither of these things, his further
3  motions related to his first PCR do not toll the statute of limitations under AEDPA.

4  Petitioner also filed a second PCR on April 29, 2005, however this was dismissed as
5  untimely. The Supreme Court has held that when a state post-conviction petition is untimely,
6  it is not "properly-filed" under § 2244(d)(2), and therefore does not toll the statute of
7  limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).  Therefore, the second PCR
8  filed does not toll the statute of limitations either.

9  On July 20, 2004, Petitioner filed a petition for writ of habeas corpus.  Petitioner
10 argues that he intended to file this petition with the District Court.  Indeed, the petition is on
11 District Court forms, the mailing certificate says that it is to be sent to the District Court, and
12 Petitioner claims that the prison mailing logs reflect it being mailed to the District Court.
13 However, the petition ended up being filed with the Maricopa County Superior Court.  The
14 Superior Court then summarily denied the petition. The order was filed on August 11, 2004,
15 and it did not give a reason for the denial.  Thus, this Court can presume that this was a
16 "properly-filed" application for state relief under 28 U.S.C. § 2244(d)(2).[2]  Taking the date
17 at which the petition was delivered to prison officials for mailing as the filing date, *see*
18 *Anthony v. Cambra*, 236 F.3d 568, 577 (9th Cir. 2000), Petitioner is entitled to statutory
19 tolling from the period of May 16, 2004 until August 11, 2004.

20 As discussed above , Petitioner's statute of limitations began to run on April 15, 2004.
21 Thus, as of May 16, 2004, 31 days had expired.  On August 11, 2004, Petitioner had 334
22 days remaining.  Given the applicable statutory tolling, Petitioner's statute of limitations
23 expired on July 11, 2005, thus time barring his current December 12, 2005 petition.

---

[2] Although Petitioner claims that the Maricopa County Superior Court does not have jurisdiction over habeas claims, it appears that Arizona has retained the writ of habeas corpus in some contexts.  *See State v. Cowles*, 82 P.3d 369 (Ariz. App. Div. 1 2004).  Thus, the Arizona state courts have jurisdiction to decide habeas corpus cases on state grounds, and therefore the Superior Court was within its jurisdiction to deny the petition.

- 5 -

### C. Equitable Tolling

The Ninth Circuit has held that § 2244(d) allows for equitable tolling. *Harris v. Carter*, 515 F.3d 1051, 1055 n. 4 (9th Cir. 2008). A petitioner is entitled to equitable tolling of the statute of limitations if he can show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris*, 515 F.3d at 1055. "Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id*.

Here, Petitioner contends that four extraordinary circumstances exist that should excuse his tardy filing: (1) he requested counsel and it was denied; (2) the prison law library is deficient; (3) the Arizona state courts excessively prolonged the litigation process; and (4) he intended to file his original habeas petition with the District Court and not the state court. Each of these circumstances will be discussed in turn.

### 1. Denial of Counsel

Petitioner claims that he requested counsel from every court that he has filed with in order to ensure that he was in compliance with all of the court rules and procedures. (Objections at 2.) He argues that his lack of access to adequate legal representation hindered his efforts to properly file what was needed for his claim. However, Petitioner's lack of familiarity with the law and lack of legal assistance do not toll the limitations period. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Supreme Court has held that there is no right to legal assistance in seeking any type of post-conviction relief, and, as a result, lack of legal assistance in seeking post-conviction relief cannot form the basis for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

### 2. Prison Law Library

Petitioner also claims that the delay in obtaining materials from the prison law library should form the basis for equitable tolling of his habeas claim. The Court notes that in some

cases inadequate legal materials can be an "impediment" that justifies late filing, or can form the basis of equitable tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*). However, the mere fact that Petitioner had to wait a bit longer than he would prefer to receive legal materials does not in itself rise to the level of an impediment that prevents compliance with the one year statute of limitations. Further, Petitioner alleges no timeline or specific facts showing the length of the alleged delay, nor that he would have been able to timely file his petition "but-for" the delay. *See Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) (holding that Petitioner "must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness").

In some cases, specific factual allegations can necessitate an evidentiary hearing to determine if available legal materials were insufficient and when Petitioner's access to said materials was denied. "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good faith *allegation that would, if true*, entitle him to equitable tolling.' *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003) (emphasis added)." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *see also Allen*, 255 F.3d at 800-01. Petitioner makes no allegations, which, if true, would entitle him to relief. He does not allege that materials were denied, merely that he did not receive them as quickly as he may have desired. Accordingly, this Court finds no evidentiary hearing is necessary in this case.

### 3. Delay in State Courts

Petitioner states that the Arizona Courts delayed in responding to his second PCR petition. However, as discussed above, this petition was improperly filed. Thus, the fact Petitioner waited to file his present petition until after he had received a response to an improperly filed PCR with the State was not an external circumstance beyond his control. He had control over the filing of the petition, and over its incorrect filing. Had the PCR been properly filed, then it would have been a form of state review that would have statutorily tolled the limitations period. However, this is not true of an improper filing, as noted above. Here the mistake was Petitioner's, and he is not entitled to equitable tolling where it is clear that his mistake contributed to his predicament. *Harris*, 515 F.3d at 1055. Again,

Petitioner's lack of familiarity with the law does not equitably toll the limitations period. *Raspberry*, 448 F.3d at 1154.

### 4. First Habeas Petition

Finally, Petitioner claims that he intended to file his original petition for writ of habeas corpus with the District Court, and not with the state court. Indeed, Petitioner used District Court forms for the petition, and the appended mailing certificate shows that he wanted it sent to the District Court. However, no record of this petition exists in the District Court, and the record suggests that it was only filed with Maricopa County Superior Court. This is the only logical conclusion as to what happened, since the Superior Court, via a Minute Entry denied the petition.[3]

Petitioner claims that "someone in-properly [sic] sent federal forms to AZ Superior," (Objections at 4.) thus implying that it was someone other than he who made the mistake. As unlikely as it is that someone other than Petitioner made the mistake of filing the papers in the wrong court, even assuming *arguendo* that this occurred, this circumstance would not warrant equitable tolling for the five month period that this case is untimely.

In order to be entitled to equitable tolling, the Petitioner must show that the circumstances standing in his way were the proximate cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Stillman v. LaMargue*, 319 F.3d 1199, 1203

---

[3]Petitioner also argues that he should get the benefit of the "mailbox rule," and thus his initial habeas petition should be considered "filed" with the District Court from the time that he delivered it to the prison official for mailing. (Objections at 4.) However, Petitioner already has the benefit of the mailbox rule as discussed above. His petition was considered filed with the *Superior Court* from the date of mailing, and this time period was taken into account when statutorily tolling his limitations period. This is because the petition was actually filed with the Superior Court, and not with the District Court. This reflects the purpose of the mailbox rule, which was implemented because prisoners lack control over the delays between the receipt of the notice and its filing. *See Houston v. Lack*, 487 U.S. 266, 273-74 (1988). "The question is one of timing, not destination." *Id.* at 73. The purpose is not to mitigate clerical errors. Therefore, Petitioner cannot benefit from the mailbox rule with the District Court to receive an earlier filing date when the petition was never actually filed with the District Court.

- 8 -

(9th Cir. 2003)). Here, Petitioner already has statutory tolling for the time that the petition was pending in the state court until the time that he was notified of the court's ruling. At the point that he received the ruling from the Maricopa County Superior Court, he should have realized that the petition was filed in the incorrect court. At that point he could then have timely filed the petition in the District Court. In fact, from the denial of the petition for writ of habeas corpus in the Superior Court, Petitioner still had approximately eleven months during which he could have timely filed in federal court. Thus, the improper filing was not the proximate cause of his delay.

### III. Conclusion

Thus, the Court concludes that the R&R properly found Petitioner's claim to be barred by the statute of limitations. Because Petitioner alleges no facts beyond the record which, if true, would entitle him to further toll the statute of limitations, an evidentiary hearing is not required. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998); *see also* discussion above p. 7 ln. 15-23.

**IT IS THEREFORE ORDERED** that the Court **ACCEPTS** the Report and Recommendation (Doc. # 52); and **OVERRULES** Petitioner's objections thereto (Doc. #53) (hereby denying the Motion for Supersedeas Rule 8(B), which the Court has construed as Petitioner's Objections to the R&R);

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. #5) be **DENIED**, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

DATED this 21st day of July, 2008.

James A. Teilborg
United States District Judge